DOCKET NO. 905

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC 27 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE CONSTRUCTION INDUSTRIES INSURANCE TRUST "ERISA" LITIGATION

BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of seven actions pending in three federal districts as follows: four actions in the Western District of Pennsylvania, two actions in the Southern District of California and one action in the Central District of California.[1] Before the Panel is a motion by Equibank, a party in all seven actions, to centralize the actions, pursuant to 28 U.S.C. §1407, in the Western District of Pennsylvania for coordinated or consolidated pretrial proceedings. Plaintiffs in one Pennsylvania action (*Diamond Wire*) do not oppose Equibank's motion, but they would oppose centralization in any district other than the Western District of Pennsylvania. Defendant Pilgrim Life Insurance Company and plaintiffs in one Southern District of California action (*Penick*) oppose Section 1407 centralization. Plaintiffs in the other Southern District of California action (*Wyroc*) oppose transfer of their claims in *Wyroc*; alternatively they ask the Panel to defer a ruling on the Section 1407 matter pending a decision in the Southern District of California on their motion i) to sever their claims from the other claims in *Wyroc*, and ii) to remand their claims to California state court.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that transfer under Section 1407 to the Western District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact arising from the alleged dissipation of funds of the Construction Industries Insurance Trust (CIIT) and the resulting failure of CIIT to pay life, health and welfare benefits to CIIT beneficiaries. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

[1] The Panel has been notified that two related actions are pending in the Western District of Pennsylvania. These actions will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

Plaintiffs in *Wyroc*, while conceding that the third-party claims in their action share factual questions with parallel claims in other actions, nevertheless maintain that those common factual questions are not present in the claims of their complaint in *Wyroc* against their insurance broker and two of its employees. These plaintiffs accordingly argue that inclusion of their claims in the multidistrict proceedings will not serve the Section 1407 goals of convenience, justice and efficiency. We are not persuaded by these arguments. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 14, R.P.J.P.M.L., 120 F.R.D. 251, 259-61 (1988). In addition, we note that plaintiffs' pending motion in *Wyroc*, for severance and remand of their claims to California state court, can be presented to and decided by the transferee judge. *See, e.g., In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

We are persuaded that the Western District of Pennsylvania is the appropriate transferee district in light of the following factors: 1) four of seven actions included in Equibank's motion, as well as the two potential tag-along actions, are already pending there; 2) several main defendants have their principal places of business in Pennsylvania, and the majority of relevant witnesses and documents will likely be found there; and 3) the Honorable William L. Standish, to whom we are assigning this litigation, has presided in litigation involving CIIT for approximately two years and is familiar with the issues and parties in the litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Western District of Pennsylvania be, and the same hereby are, transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable William L. Standish for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

*FOR THE PANEL:*

*John F. Nangle*
*Chairman*

# SCHEDULE A

## MDL-905 -- IN RE CONSTRUCTION INDUSTRIES INSURANCE TRUST "ERISA" LITIGATION

### Southern District of California

*Wyroc, Inc., et al. v. Coodinated Benefits Corporation of California Insurance Services, et al. v. Equibank, et al.,* C.A. No. 91-0610-B(CM)

*T.B. Penick & Sons, Inc., et al. v. Construction Industries Insurance Trust, et al.,* C.A. No. 91-00426-H(IEG)

### Central District of California

*Charles Mason, et al. v. Coodinated Benefits, Inc., et al. v. Equibank, et al.,* C.A. No. SA-CV-91-250 AHS

### Western District of Pennsylvania

*Anna Clayton, etc. v. Construction Industries Insurance Trust, et al. v. Pilgrim Life Insurance Co.,* C.A. No. 90-2071

*Diamond Wire Spring Company, et al. v. Equibank, et al. v. Pilgrim Life Insurance Company,* C.A. No. 91-91

*Construction Industries Insurance Trust and Equibank as Trustee v. Constance B. Foster, etc.,* C.A. No. 90-1009

*Wulfrath Refractories, Inc. v. Equibank, et al.,* C.A. No. 91-988

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG -5 92

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 905

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE CONSTRUCTION INDUSTRIES INSURANCE TRUST "ERISA" LITIGATION*

Benjamin Balzama v. Pilgrim Life Insurance Company, et al., D. New Jersey, C.A. No. 91-CV-5127

*BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN,* MILTON POLLACK, LOUIS H. POLLAK, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiff in the above-captioned action (*Balzama*) to vacate the Panel's order conditionally transferring *Balzama* to the Western District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge William L. Standish. Equibank, a defendant in *Balzama* and in actions in the transferee court, opposes the motion to vacate and supports transfer of *Balzama*.

On the basis of the papers filed,[1] the Panel finds that *Balzama* involves common questions of fact with the actions in this litigation previously transferred to the Western District of Pennsylvania, and that transfer of *Balzama* to the Western District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of *Balzama* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. *See In re Construction Industries Insurance Trust "ERISA" Litigation*, MDL-905 (J.P.M.L. December 27, 1991) (unpublished order).

---

* Judge Dillin took no part in the decision of this matter.

[1] The parties waived oral argument and accordingly the question of transfer of this action was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Benjamin Balzama v. Pilgrim Life Insurance Company, et al.*, D. New Jersey, C.A. No. 91-CV-5127, be, and the same hereby is, transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable William L. Standish for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman